UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
DOROTHY J. STOOPS,             )
                               )
            Plaintiff,         )
                               )
     v.                        )   CIVIL ACTION NO.
                               )   24-cv-10957-WGY
                               )
NO DEFENDANTS,                 )
                               )
            Defendants.        )
_____)
```

ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

YOUNG, D.J.

Before the Court is Plaintiff Dorothy J. Stoops's ("Stoops") complaint seeking broad rulings by this Court that "(1) [a]nyone in possession of the Human Genome deserves due process [and] (2) [e]veryone is obligated to uphold Human Life." Compl., Statement of Claim, § IV, ECF No. 1. There are no defendants identified in this action. While the Court credits Stoop's sincerity in presenting the merits of her claims, the complaint does not present a case or controversy over which this Court has subject matter jurisdiction, but rather seeks an impermissible advisory opinion. Accordingly, for the reasons set forth below, the action must be, and is, DISMISSED without prejudice for lack of jurisdiction. The Clerk is directed to enter a separate order of dismissal and close the case.

1

"Federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed." Black Econ. Council of Massachusetts, Inc. v. U.S. Dept. of Justice, No. 1:23-CV-11378-IT, 2024 WL 1836532, at *2 (D. Mass. Apr. 26, 2024) (citing Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Indeed, this Court has "an independent obligation to sua sponte inquire into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action," Fed. R. Civ. P. 12(h)(3). It is also generally "obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013).

Article III of the United States "Constitution grants federal courts jurisdiction to decide 'Cases' or 'Controversies'." Fed. Bureau of Investigation v. Fikre, 601 U.S. 234, 240-41 (2024) (citing U.S. Const. art. III, §§ 1, 2); accord Corrigan v. Boston U., 98 F.4th 346, 352 (1st Cir. 2024). Indeed, "federal judges are not counselors or academics; they are not free to take up hypothetical questions that pique a party's curiosity or their own." Id.; accord Nantucket Residents Against Turbines v. U.S. Bureau of Ocean Energy Mgt., 100 F.4th 1 (1st Cir. 2024) ("Federal courts may only decide

2

live 'Cases' or 'Controversies.' . . . Where no actual controversy exists, a federal court may not offer an advisory opinion.")

Here, Stoops's claims do not constitute a case or controversy.[1] Rather, Stoops is seeking an advisory opinion as to hypothetical facts in an action with no defendants. Absent a case or actual controversy, the Court must, and does, dismiss the action for lack of jurisdiction.

**So Ordered.**

DATE: May 16., 2024

/s/ William G. Young
UNITED STATES DISTRICT JUDGE

---

[1] Nor can Stoops represent any other party in this action as she is proceeding pro se. See Local Rule 83.5.5 (b) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

3